**MEMO ENDORSED**

**HAGENS BERMAN**

Whitney Street    whitneyst@hbsslaw.com
ATTORNEYS AT LAW

**HAGENS BERMAN SOBOL SHAPIRO LLP**
1 FANEUIL HALL SQUARE, 5TH FLOOR
BOSTON, MA  02109

hbsslaw.com

> Plaintiffs' request to file a motion for leave to file a second amended complaint is granted. The Court enters the following briefing schedule: (1) moving papers due Friday, May 2, 2025; (2) opposition due Friday, May 23, 2025; and (3) reply due Friday, May 30, 2025.
>
> It is SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: 4/04/2025
> New York, New York

**CM/ECF**

The Honorable Edgardo Ramos
United States District Court
for the Southern District of New York
40 Foley Square
Thurgood Marshall United States Co[urthouse]
New York, NY 10007

Re:  *Louisiana Health Services & Indemnity Co. d/b/a BCBS of Louisiana, et al. v. Celgene Corp. et al.*, 23-cv-7871-ER (S.D.N.Y.); *New York Trades Council & Hotel Association of New York City, Inc. Health Benefits Fund v. Celgene Corporation et al.*, 1:24-cv-02230 (S.D.N.Y); *CenterWell Pharmacy, Inc. v. Celgene Corp. et al.*, 1:24-cv-06924 (S.D.N.Y,), The Plaintiffs' Request for a Pre-motion Conference to Seek Leave to File an Amended Complaint

Dear Judge Ramos:

On March 31, 2025, the Court issued an Opinion and Order granting the defendants' motions to dismiss for failure to state a claim pursuant to Section 2 of the Sherman Act, and analogous state law claims.[1] In light of this Opinion and Order, the plaintiffs seek a process that would allow them to file a motion for leave to file a second amended complaint. Pursuant to Section 2.A of the Court's Individual Practices, the plaintiffs request a pre-motion conference regarding a motion for leave to file an amended complaint, or if the Court determines that a pre-motion conference is not necessary, an order allowing the plaintiffs to file a motion for leave to amend.

In the Second Circuit, "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint."[2] Furthermore, "[a]mendment should only be

---

[1] ECF Nos. 151–52.
[2] *Hayden v. Cty. Of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead."); *Perrigo Pharma International Designated Activity Co. v. Mead Johnson & Co. LLC*, 23-cv-00008 (ER), 2024 WL 1375947,

**HAGENS BERMAN**

The Honorable Edgardo Ramos
April 3, 2025
Page 2

denied for legitimate reasons such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'"[3] Here, the plaintiffs' request to amend comes two days after the Court's Opinion and Order,[4] the complaint has only been amended once (by one set of plaintiffs) as of right,[5] and the defendants will not be prejudiced by the proposed amendment, particularly considering that two other active cases have yet to file amendments as of right.[6] The plaintiffs respectfully submit that they should be permitted to cure any deficiencies identified by the Court in its motion to dismiss opinion.[7] If allowed to file the motion for leave to file an amended complaint, our motion for leave will attach the proposed amended complaint, as is often required.[8]

Accordingly, the plaintiffs request a pre-motion conference with the Court to discuss a motion for leave to amend the pleadings in this matter; or an order allowing the plaintiffs to file a motion for leave to amend. Should the Court grant the request for leave to amend, the plaintiffs propose to file the amended complaint within 45 days from the date of the Court's order.

---

at *21 (S.D.N.Y. April 1, 2024) (Citing Fed. R. Civ. P. 15(a)(2) standard and stating that "the usual practice in this Circuit upon granting a motion to dismiss is to permit amendment of the complaint") (internal quotations omitted).
[3] *Brown Media Corp. v. K & L Gates, LLP*, 586 B.R. 508, 533 (E.D.N.Y. 2018) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)).
[4] The order, dated March 31, 2025, was entered on the docket on April 1, 2025.
[5] *See* ECF No. 71.
[6] *See New York Trades Council & Hotel Association of New York City, Inc. Health Benefits Fund v. Celgene Corporation et al.*, No. 1:24-cv-02230 (S.D.N.Y., March 25, 2024), ECF No. 1; *CenterWell Pharmacy, Inc. v. Celgene Corp. et al.*, 1:24-cv-06924 (S.D.N.Y., Sep. 13, 2024), ECF No. 1.
[7] *Cruz v. Local 32BJ*, No. 22-cv-03068 (JAV) (SDA), 2025 WL 47936, at *2 (S.D.N.Y. Jan. 8, 2025) ("Without the benefit of a ruling [on a motion to dismiss], many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies." (quoting *Loreley Fin. v. Wells Fargo Secs., LLC*, 797 F.3d 160, 190 (2d Cir. 2015))).
[8] *See Curry v. Campbell*, 06–cv–2841, 2012 WL 1004894, at *7 (E.D.N.Y. Mar. 23, 2012) ("To satisfy the requirement of particular[it]y in a motion to amend a pleading, the proposed amended pleading must accompany the motion so that both the Court and opposing parties can understand the exact changes sought" (citing *AT & T Corp. v. Am. Cash Card Corp.*, 184 F.R.D. 515, 521 (S.D.N.Y. 1999))).

**HAGENS BERMAN**

The Honorable Edgardo Ramos
April 3, 2025
Page 3

Sincerely,

*Whitney Street*

HAGENS BERMAN SOBOL SHAPIRO LLP

Whitney Street

WS